IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRETT M. HOOD, *et al.* :
:
v. : CIVIL NO. CCB-10-11
:
AURORA LOAN SERVICES, *et al.* :
:

...o0o...

## MEMORANDUM

Plaintiffs Brett M. Hood and Betty W. Hood (the "Hoods"), proceeding *pro se*, have filed this lawsuit against Aurora Loan Services, LLC ("Aurora") and Lehman Brothers Bank, FSB ("Lehman"),[1] alleging ten causes of action relating to the mortgage and foreclosure of their property. Now pending before the court is the defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The parties' submissions have been reviewed and no hearing is necessary. For the following reasons, the defendants' motion will be granted.

## BACKGROUND

The factual underpinning of the Hoods' lawsuit is difficult to discern. Indeed, the only facts that can be gleaned from the complaint, and the defendants' subsequent submissions,[2] are

---

[1] Lehman is now known as Aurora Bank, FSB.

[2] The defendants have attached several documents to their motion to dismiss relating to the loan and foreclosure sale at issue: the Hoods' affidavits of occupancy, the deed of trust, the promissory note, the HUD-1 form, the truth in lending disclosure statement, and the foreclosure report of sale. Because the Hoods referenced their loan and foreclosure, the fees and payments they made in connection with the loan, and the disclosures they received, the court will consider the documents attached to the defendants' motion to dismiss in addition to the allegations in the complaint. *See Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (explaining that "[a]lthough as a general rule extrinsic evidence should not be considered at the 12(b)(6) stage, we have held that when a defendant attaches a document to its motion to dismiss, a court may consider it in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity") (internal quotation marks and citation omitted) (alternations in original). The Hoods have not challenged the authenticity of the documents submitted by the defendants.

1

as follows. Lehman issued the Hoods a mortgage (the "Mortgage") on real property located at 812 Newington Avenue in Baltimore, Maryland (the "Property") on September 15, 2005. (*See* Compl. Ex. 1.) The Mortgage appears to have been for $193,900 (*see* Defs.' Mem. Ex. B) and, as part of the disclosure notices, both Mr. and Ms. Hood signed affidavits which stated that the Property was an "investment property", defined as "[n]ot owner occupied. Purchased as an investment to be held or rented." (*Id*. at Ex. A.) The Property was subsequently foreclosed upon on January 7, 2010. (*See id*. at Ex. F.) Although the Property has been sold, the purchaser is not named as a defendant. The Hoods filed this lawsuit in January 4, 2010.

The Hoods allege ten causes of action under federal and state law. Count I alleges violations of the Home Ownership Equity Protection Act ("HOEPA"), 15 U.S.C. § 1639 *et seq.*; Count II alleges a violation of § 2607 of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*; Count III alleges violations of the Truth in Lending Act ("TILA"), 15 U.S.C § 1601 *et seq.*; Count IV alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*; Count V alleges fraudulent misrepresentation; Count VI alleges breach of fiduciary duty; Count VII alleges unjust enrichment; Count VIII alleges civil conspiracy; Count IX alleges civil violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*; and Count X is an action to quiet title.[3]

## **ANALYSIS**

*I.    Standard of Review*

"[T]he purpose of Rule 12(b)(6) is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (internal quotation marks

---

[3]    The plaintiffs' action to quiet title is unnumbered in the complaint, but hereinafter will be referred to as Count X.

and alterations omitted) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). When ruling on such a motion, the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir.1997). "Even though the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him, they also provide criteria for defining issues for trial and for early disposition of inappropriate complaints." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted). Thus, the plaintiff's obligation is to set forth sufficiently the "grounds of his entitlement to relief," offering more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal quotation marks and alterations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, -- U.S. --, 129 S. Ct. 1937, 1950 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).

II. *Untimely Claims*

Several of the Hoods' federal claims, as well as the majority of their state law claims, are time-barred. In particular, the Hoods' HOEPA, RESPA, and TILA claims (Counts I, II, and III) will be dismissed for failure to file within the applicable statutes of limitations. Furthermore, the Hoods' claims for fraudulent misrepresentation, breach of fiduciary duty, unjust enrichment, and

3

conspiracy (Counts V, VI, VII, and VIII) are time-barred under Md. Code, Cts. & Jud. Proc. § 5-101.

      *A.      TILA, HOEPA, and RESPA Claims (Counts I, II & III)*

The Hoods allege that "[p]rior to the closing, Defendant Aurora Loan Services, LLC Bank N.A. failed to provide to Plaintiff the preliminary disclosures required by the Truth-In-Lending Act . . . and failed to provide the preliminary disclosures required by the Real Estate Settlement Procedures Act". (Compl. ¶ 30.7.) They also allege that the defendants violated HOEPA, an amendment to TILA, by failing to make certain disclosures within three days of closing. (*See id*. at ¶¶ 57, 57.1 & 58.) Because of these alleged violations, the Hoods argue they are entitled to, among other damages, termination and rescission of the Mortgage.

An affirmative action under TILA or HOEPA must be brought within one year "from the date of the occurrence of the violation . . ." 15 U.S.C. § 1640(e); *see In re Cmty. Bank of N. Virginia*, 418 F.3d 277, 304-05 (3rd Cir. 2005) (noting that the limitations period set forth in § 1640(e) applies to an affirmative action under HOEPA). The date of the violation is "no later than the date the plaintiff enters the loan agreement." *Tucker v. Beneficial Mortgage Co.*, 437 F. Supp. 2d 584, 589 (E.D. Va. 2006). Furthermore, under 15 U.S.C. § 1635(a), consumers whose loans are secured by their principal dwellings have the right to rescind their loans "until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later . . ." But even if the lender never delivers the required disclosures, an action for rescission under TILA "expire[s] three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first . . ." 15 U.S.C. § 1635(f). An action for rescission under HOEPA must

also be brought within three years. *See Cmty. Bank of N. Virginia*, 418 F.3d at 305 (citing 12 C.F.R. § 226.23). Here, it is undisputed that the Hoods closed on the Mortgage on September 15, 2005. They filed the present action over four years later, on January 4, 2010. Accordingly, their TILA and HOEPA claims are time-barred under § 1640(e) and § 1635(f).[4] *See Fischer v. Viacom Int'l, Inc.*, 115 F. Supp. 2d 535, 539 (D. Md. 2000) (noting that whether an action is time-barred "may be taken from the jury when the court determines, as a matter of law, that the plaintiff did not file the suit within the prescribed time").

Similarly, the Hoods' RESPA claim, brought under 12 U.S.C. § 2607, which prohibits kickbacks and unearned fees, is time-barred. Pursuant to 12 U.S.C. § 2614, a "RESPA claim brought by a private litigant must be brought within 1 year from the date of the occurrence of the violation." *Proctor v. Metro. Money Store Corp.*, 645 F. Supp. 2d 464, 485 (D. Md. 2009). Because it is undisputed that the Hoods settled the Mortgage on September 15, 2005, and did not file suit until January 4, 2010, their RESPA claim, like their TILA and HOEPA claims, is untimely. The Hoods have not argued that the statutes of limitations should be tolled, nor are there any allegations in the complaint suggesting that they should be. Accordingly, Counts I, II, & III will be dismissed for failure to file within the applicable statutes of limitations.

### B. State Law Claims (Counts V, VI, VII & VIII)

Generally in Maryland "[a] civil action at law shall be filed within three years from the

---

[4] In addition, the Hoods fail to state a claim under HOEPA or TILA because the Property was not used or expected to be used as their principal dwelling. The protections of TILA apply "only to credit transactions secured by real or personal property used or expected to be used as the principal dwelling of the debtor." *Antanuos v. First Nat'l Bank of Arizona*, 508 F. Supp. 2d 466, 471 (E.D. Va. 2007). Thus, credit transactions secured by property "used for *other* purposes, such as commercial rental property, fall outside the scope of TILA's coverage." *Id.* (emphasis in original). The Hoods signed affidavits stating that the Property was purchased as an investment property not to be owner-occupied. (*See* Defs.' Mem. Ex. A.) Accordingly, the Mortgage is outside the protections of TILA and HOEPA.

date it accrues". Md. Code, Cts. & Jud. Proc. § 5-101. The question of accrual is left to judicial determination. *Frederick Road Ltd. P'ship v. Brown & Sturm*, 756 A.2d 963, 973 (Md. 2000). Although an action typically accrues at the time of the wrong, *Berringer v. Steele*, 758 A.2d 574, 602 (Md. App. 2000), under the discovery rule in Maryland a plaintiff's cause of action accrues when the plaintiff knows or should have known of the wrong. *Lumsden v. Design Tech Builders, Inc.*, 749 A.2d 796, 801 (Md. 2000). "A claimant reasonably should know of a wrong if the claimant has 'knowledge of circumstances which ought to have put a person of ordinary prudence on inquiry [thus, charging the individual] with notice of all facts which such an investigation would in all probability have disclosed if it had been properly pursued." *Id*. (citing *Poffenberger v. Risser*, 431 A.2d 677, 681 (Md. 1981)) (alterations in original).

The Hoods' fraudulent misrepresentation, breach of fiduciary duty, unjust enrichment, and conspiracy claims all stem from allegations that the defendants wronged them at the time they entered into the mortgage agreement. (*See, e.g.,* Compl. ¶ 28 (generally alleging that the defendants made a misrepresentation "as to the true nature of the mortgage loan actually being processed" and "fraudulently caused Plaintiff to execute predatory loan documents")). Accordingly, as there are no facts alleged in the complaint indicating that the Hoods did not discover the alleged wrong until later, it is evident that the Hoods were on inquiry notice when they closed on the Mortgage on September 15, 2005. No argument for equitable tolling has been made, nor would one succeed, given the lack of factual allegations in the complaint. Counts V, VI, VII, and VIII, therefore, will also be dismissed as time-barred.

III.    *Failure to State a Claim for Relief*

The Hoods' remaining claims under FCRA and RICO (Counts IV and IX) and its action for quiet title (Count X) will be dismissed for failure to plead facts which, if true, state a claim

6

for relief.

### A. FCRA Claim (Count IV)

The Hoods allege that "Defendants wrongfully, improperly, and illegally reported negative information as to the Plaintiff to one or more Credit Reporting Agencies, resulting in Plaintiff having negative information on their credit reports and the lowering of their FICO scores." (*Id*. at ¶ 71.) They allege, therefore, that they are entitled to recover damages under FCRA.

Even under the notice pleading requirements of Federal Rule of Civil Procedure 8(a), and "the long-standing practice [] to construe *pro se* pleadings liberally," *Slade v. Hampton Rds. Reg'l Jail*, 407 F.3d 243, 252 (4th Cir. 2005) (internal quotation marks and citation omitted), the Hoods' complaint fails to state a claim for relief. Rather, it merely sets forth labels and conclusions, which are insufficient to survive a motion to dismiss. *See Twombly*, 550 U.S. at 555. The complaint neither alleges what defendant reported what information at what time, nor identifies any specific improper consumer reports. In short, the Hoods' FCRA claim is unsupported by any facts, much less enough facts to state a claim for relief. Because "a formulaic recitation of the elements of a cause of action will not do", the Hoods' FCRA claim (Count IV) will also be dismissed. *Id*.

### B. RICO Claim (Count IX)

Similarly, the Hoods have not made factual allegations in support of their RICO claim sufficient to withstand Rule 12(b)(6) review. In order for a RICO claim to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985). A plaintiff must also show that he was injured in his business or property as a result of

the RICO violations. *See Field v. GMAC LLC*, 660 F. Supp. 2d 679, 686 (E.D. Va. 2008). The aforementioned "elements are common to claims of violation of all four subsections of 18 U.S.C. § 1962", and the "injury and causation components are viewed as standing requirements." *Id.*

Where, as here, a civil RICO claim sounds in fraud, it is subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *See id.* (explaining that "[w]here RICO claims are based on predicate acts of fraud, the heightened pleading standard set forth in Rule 9(b) of the Federal Rule of Civil Procedure applies"). Under Rule 9(b), the Hoods must state predicate acts of fraud with particularity, specifying "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999).

The Hoods allege that "Defendants' actions and use of multiple corporate entities, multiple parties, and concerted and predetermined acts and conduct specifically designed to defraud Plaintiff constitutes an 'enterprise', with the aim and objective of the enterprise being to perpetrate a fraud upon the Plaintiff through the use of intentional nondisclosure, material misrepresentation, and creation of fraudulent loan documents." (Compl. ¶ 95.) They further allege that they have suffered "damages" as a result of the defendants' actions. (*Id.*) But these bare allegations cannot survive the defendants' motion to dismiss. At the very least, the Hoods have not alleged racketeering activities with particularity because they have not alleged the content of the alleged misrepresentations.[5] Moreover, no "pattern" of racketeering has been alleged, as the only occurrence of fraud that can be inferred from the complaint relates to

---

[5] The court also points out that the "statutory definition of racketeering activity does not include common law fraud" and therefore "such activity must be predicated on violations of the mail and wire fraud statutes", 18 U.S.C §§ 1341, 1343. *ePlus Tech., Inc. v. Aboud*, 313 F.3d 166, 181 (4th Cir. 2002). The Hoods have not specifically alleged a violation of either.

8

nondisclosures and misrepresentations with respect to the Mortgage. *See* 18 U.S.C. § 1961(5) (defining a "pattern of racketeering activity" as requiring "at least two acts of racketeering activity, one of which occurred with ten years . . . after the commission of the prior act of racketeering activity"); *see also Int'l Data Bank, Ltd. v. Zepkin*, 812 F.2d 149, 154 (4th Cir. 1987) (holding that "a single, limited fraudulent scheme, such as the misleading prospectus in this case, is not itself sufficient to satisfy § 1961(5)"). Accordingly, Count IX will be dismissed.

   C.   *Quiet Title (Count X)*

As a final matter, the Hoods' action for quiet title will also be dismissed because the Hoods have no claim to title of the Property. They admit that they received a mortgage from Lehman and conveyed the deed of trust, and they have shown no right to rescission.

### **CONCLUSION**

For the foregoing reasons, the defendants' motion to dismiss will be granted.[6] A separate Order follows.

|  |  |
|---|---|
| July 6, 2010 | /s/ |
| Date | Catherine C. Blake |
|  | United States District Judge |

---

[6] The Hoods' motion for default judgment (docket entry no. 10) will be denied. The Hoods argue that because Aurora did not respond to their opposition to the motion to dismiss they are entitled to a default judgment. The clerk must enter default against a party, however, only where "a party against whom a judgment or affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise . . ." Fed. R. Civ. P. 55(a). Here, Aurora has defended itself by filing a timely motion to dismiss. Default judgment is therefore inappropriate.